IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LFE DISTRIBUTION, INC. DBA LA FABRICA ELECTRONIC, <br>     Plaintiff, <br><br> v. <br><br> STATE FARM LLOYDS, MANUEL GOMEZ, III, Individually and SCOTT KEMP, Individually <br>     Defendants. | § § § § § § § § § § | CASE NO. _____ |

## DEFENDANTS STATE FARM LLOYDS' NOTICE OF REMOVAL

Defendant State Farm Lloyds, files this Notice of Removal.

### PROCEDURAL BACKGROUND

1. Plaintiff LFE Distribution, Inc. d/b/a La Fabrica Electronic filed this action on April 6, 2016 against State Farm Lloyds, Manuel Gomez, III, and Scott Kemp in the 341st Judicial District Court of Webb County, Texas. That case was docketed under cause number 2016-CVF000883 D3 (the "State Court Action").

2. State Farm Lloyds was served with process on April 22, 2016. Manuel Gomez III was served with process on April 20, 2016. Scott Kemp was served with process on April 25, 2016.

3. State Farm Lloyds, Manuel Gomez, III, and Scott Kemp filed their Original Answer on May 13, 2016.

4. State Farm Lloyds timely files this Notice of Removal pursuant to 28 U.S.C. §1446 to remove the State Court Action from the 341st Judicial District Court of Webb County, Texas to the United States District Court for the Southern District of Texas, Laredo Division.

5. Plaintiff's Original Petition filed in the State Court Action included a jury demand.

**NATURE OF THE SUIT**

6. This lawsuit involves a dispute over the alleged non-payment of insurance benefits and the handling of Plaintiff's claims for damages allegedly sustained during an April 8, 2014 theft. *See Plaintiff's Original Petition* at ¶ 9. Plaintiff asserts causes of action against Defendant State Farm Lloyds for breach of contract, violation of Chapters 541 & 542 of the Texas Insurance Code, DTPA violations, fraudulent misrepresentation, negligent misrepresentation, and breach of duty of good faith and fair dealing. *Id.* at ¶¶ 22-45.

7. Manuel Gomez, III was not involved in the handling of Plaintiff's insurance claim in any capacity. Gomez is a State Farm agent and has no job responsibility related to claim handling. Plaintiff does not assert causes of action against Gomez. *See id.* at ¶¶ 22-45.

8. Scott Kemp was involved in the handling of Plaintiff's insurance claim. Plaintiff does not assert valid causes of action against Kemp. *See id.* at ¶¶ 22-45.

**BASIS FOR REMOVAL**

9. The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is and was complete diversity between all real parties in interest (Plaintiff and State Farm Lloyds) and the amount in controversy exceeds $75,000, exclusive of interest and costs. Further, removal is proper because Plaintiff improperly joined Defendants Gomez and Kemp solely to defeat diversity jurisdiction.

10. At the time the State Court Action was commenced, Plaintiff was and still is a resident and citizen of Texas.

11. Defendant State Farm Lloyds was at the time this action was commenced, and still is, a citizen of Illinois. State Farm Lloyds is a "Lloyd's Plan" organized under chapter 941 of the

Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens and residents of Illinois, thereby making State Farm Lloyds a citizen of Illinois for diversity purposes. See *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).

12. Defendants Manuel Gomez, III and Scott Kemp were and still are residents and citizens of Texas. However, Plaintiff improperly joined Gomez and Kemp for the purpose of defeating diversity. For this reason, the citizenship of Gomez and Kemp should not be considered in determining whether this Court has jurisdiction under 28 U.S.C. § 1332. The citizenship of improperly joined defendants is not to be considered in determining whether complete diversity exists. *Salazar v. Allstate Texas Lloyds Inc.*, 455 F.3d 571, 574 (5th Cir. 2006); *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2003).

13. Plaintiff's Original Petition expressly states it "seeks monetary relief over $1,000,000.00." *Id.* at ¶ 1. Therefore, the "amount in controversy" requirement of 28 U.S.C. § 1332 is satisfied.

## MANUEL GOMEZ, III AND SCOTT KEMP ARE IMPROPERLY JOINED

14. A threshold inquiry when determining whether a defendant is improperly joined is "whether it appears from the state court petition that the plaintiff actually intended to sue the non-diverse defendant." *Escuadra v. GeoVera Specialty Ins. Co.*, 739 F. Supp. 2d 967, 975 (E.D. Tex. 2010). Plaintiff's Original Petition includes only minimal facts specific to Defendants Gomez and Kemp, and only one cause of action that may include Defendants Gomez and Kemp. Plaintiff's Original Petition reflects a lack of intent to actually sue these two

defendants, suggesting their inclusion in this lawsuit is solely an attempt to defeat diversity jurisdiction.

15. Manuel Gomez, III is an insurance agent who has no connection to Plaintiff's theft claim. Defendant Gomez did not engage in any of the conduct that forms the basis of Plaintiff's allegations.

16. Further, the factual allegations in Plaintiff's Original Petition demonstrate that Manuel Gomez is not a proper defendant. Defendant Gomez is mentioned by name in just one paragraph of Plaintiff's Original Petition, the jurisdictional paragraph identifying Gomez as a resident of Texas and offering an address for service of process. *Plaintiff's Original Petition* at ¶ 4. No fact paragraph in Plaintiff's petition mentions Gomez specifically or mentions all defendants collectively. *See id.* at ¶¶ 8-21. Joinder of Manuel Gomez, III is improper and Plaintiff's claims against him should be dismissed.

17. Additionally, Plaintiff's Original Petition includes no actionable facts specific to Scott Kemp. After the jurisdictional paragraphs, Defendant Kemp is mentioned just once in Plaintiff's Original Petition:

> 10.   During the terms of said Policy, Plaintiff sustained covered losses in the form of loss of property resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy. Plaintiff asked that **STATE FARM** cover the loss of the Property pursuant to the Policy. **STATE FARM and SCOTT KEMP** failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

*Id.* at ¶ 10.

18. One additional fact paragraph refers to an "adjuster defendant." Plaintiff's Original Petition never refers to Defendant Kemp as an adjuster, and does not state whether "adjuster defendant" refers to Kemp or a potential fourth defendant. That paragraph states:

    13. **STATE FARM** failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the policy. Specifically, **STATE FARM** refused to pay the full proceeds of the Policy after its agent, ADJUSTER DEFENDANT conducted an outcome-oriented investigation, although due demand for proceeds to be paid in an amount sufficient to cover the stolen property, and all conditions precedent to recovery under the Policy have been carried out of [sic] accomplished by Plaintiff. **STATE FARM and ADJUSTER DEFENDANT's** conduct constitutes a breach of the insurance contract between it and Plaintiff.

*Id.* at ¶ 13. No other fact paragraph mentions Kemp specifically or mentions all defendants collectively. *See id.* at ¶¶ 8-21. Joinder of Scott Kemp is improper and Plaintiff's claims against him should be dismissed.

  19. Plaintiff has also failed to state any theories of recovery against Defendants Gomez and Kemp. Plaintiff asserts numerous, specific causes of action against Defendant State Farm for:

- Multiple violations of Section 541.060 of the Texas Insurance Code;
- Multiple violations of Chapter 542 of the Texas Insurance Code;
- Breach of the duty of good faith and fair dealing under the Insurance Code;
- Breach of the duty of good faith and fair dealing under the common law;
- Breach of contract;
- Violations of the Deceptive Trade Practices Act;
- Fraudulent misrepresentation; and
- Negligent misrepresentation.

*See Plaintiff's Original Petition* at ¶¶ 22-45.

20. Defendant recognizes that it bears a heavy burden of showing there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Defendants Gomez and Kemp. However, "whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F. 3 694, 701 (5th Cir. 1999). To state a cognizable claim, "a state court petition must allege facts sufficient to establish the essential elements of

each asserted cause of action" and "merely asserting a laundry list of statutory violations without factual support as to *how* a non-diverse defendant violated the statute will not suffice." *Doucet v. State Farm Fire & Cas. Co.*, No. 1:09-CV-142, 2009 U.S. Dist. LEXIS 89106 at *19 (E.D. Tex. 2009).

21. Here, there are no facts pleaded regarding Gomez, therefore there can be no factual fit to the one claim that may be asserted against Gomez.

22. Second, there is no factual fit between Plaintiff's single factual allegation against Kemp and its alleged theories of recovery against Defendant State Farm Lloyds

23. Further does *not* bring a cause of action under Section 17.50(a)(4), which allows an action for "the use or employment by any person of an act or practice in violation of Chapter 41, Insurance Code." TEX. BUS. & COM. CODE § 17.50(a)(4). Further, Plaintiff has *not* alleged that Kemp and Gomez violated the Texas Insurance Code. Plaintiff's factual allegations against Kemp, while vague, could arguably support a claim under Chapter 541 of the Texas Insurance Code. However, Plaintiff chose to bring his Insurance Code claims against State Farm only.

24. Plaintiff has not alleged any specific actions on the part of Gomez or Kemp that could possibly be actionable, nor has Plaintiff articulated specific conduct from which DTPA liability could possibly arise. The residency of Defendants Gomez and Kemp should not be considered for purposes of diversity jurisdiction and Plaintiff's claims against Defendants Gomez and Kemp should be dismissed.

## REMOVAL IS PROCEDURALLY CORRECT

25. This Notice of Removal is timely under 28 U.S.C. § 1446(b).  State Farm Lloyds was served with process on April 22, 2016.  Manuel Gomez III was served with process on April 20, 2016.  Scott Kemp was served with process on April 25, 2016.

26. Venue is proper in this Division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

27. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants in the State Court Action are attached herein to the Index of Matters Filed (Exhibits 2A – 2E).

28. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of Defendants' Original Notice of Removal was promptly given to all parties and to the clerk of the 341st Judicial District Court of Webb County, Texas.

29. All documents required by Local Rule 81 to be filed with this Notice of Removal are attached herein to the Index of Matters Filed (Exhibits 1-3).

## PRAYER

State Farm Lloyds respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. State Farm Lloyds also requests any additional relief to which it may be justly entitled.

        Respectfully submitted,

        __/s/ Dan K. Worthington_____

        Dan K. Worthington
        TSBN 00785282 / SDOTBN 15353
        Attorney-In-Charge
        **ATLAS, HALL & RODRIGUEZ, LLP**
        818 Pecan Blvd
        McAllen, Texas 78502
        956-632-8293 – Phone
        956- 686-6109 – Fax
        dkw@atlashall.com - Email
        **ATTORNEYS FOR DEFENDANTS**

Of Counsel:

Sofia A. Ramon
TSBN 00784811/SDOT 20871
**ATLAS, HALL & RODRIGUEZ, LLP**
818 W. Pecan Blvd. (78501)
P.O. Box 3275
McAllen, Texas 78502
(956) 682-5501 – Phone
(956) 686-6109 – Fax

## CERTIFICATE OF SERVICE

    This will certify that a true and correct copy of this document was served on all counsel of record on the 20th day of May, 2016, as indicated below:

    Marcel C. Notzon, III
    **THE NOTZON LAW FIRM**
    North Town Professional Plaza
    6999 McPherson Rd., Ste. 325
    Laredo, Texas 78041
    (956) 717-1961 – Phone
    (956) 717-2789 – Fax

        _/s/ Dan K. Worthington_
        Dan K. Worthington