# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **LFE DISTRIBUTION, INC. DBA LA FABRICA ELECTRONIC,** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | CASE NO. _____ |
| | § | |
| **STATE FARM LLOYDS, MANUEL** | § | |
| **GOMEZ, III, Individually and SCOTT** | § | |
| **KEMP, Individually** | § | |
| **Defendants.** | | |

**INDEX OF MATTERS BEING FILED
AND LIST OF ALL COUNSEL OF RECORD**

Defendant State Farm Lloyds, ("Defendant") submits this *Index of Matters Being Filed and List of All Counsel of Record* pursuant to Local Rule 81 of the United States District Court for the Southern District of Texas.   Pursuant to the Local Rule 81, the following items are being filed with the *Notice of Removal* filed by Defendant:

1.     Index of Matters Being Filed and List of All Counsel of Record;

2.     Copies of all executed process, pleadings asserting causes of action and all orders signed by the state judge as follows:

      A.     Plaintiff's Original Petition;

      B.     Service to State Farm Lloyds on April 22, 2016;

      C.     Service to Manuel Gomez, III on April 20, 2016;

      D.     Service to Scott Kemp on April 25, 2016;

      E.     Defendants' Original Answer;

3.     A copy of the state court docket sheet.

The parties' respective attorneys are as follows:

A.   ATTORNEYS FOR PLAINTIFF:

Marcel C. Notzon, III
**THE NOTZON LAW FIRM**
North Town Professional Plaza
6999 McPherson Rd., Ste. 325
Laredo, Texas 78041

B.   ATTORNEYS FOR DEFENDANT:

Dan K. Worthington
Sofia A. Ramon
**ATLAS, HALL & RODRIGUEZ, LLP**
818 Pecan Ave. (Zip: 78501)
P.O. Box 3725
McAllen, Texas 78502

Dated: May 20, 2016

# EXHIBIT 2A

Filed
4/6/2016 10:16:04 AM
Esther Degollado
District Clerk
Webb District
Diana Vela
2016CVF000883D3

CAUSE NO. _____

| | | |
|---|---|---|
| LFE DISTRIBUTION, INC. DBA LA FABRICA ELECTRONIC **Plaintiff,** | § § § § | **IN THE DISTRICT COURT** |
| **V.** | § § | **_____ DISTRICT COURT** |
| STATE FARM LLOYDS, MANUEL GOMEZ, III, Individually and SCOTT KEMP, Individually **Defendants** | § § § § § | **OF WEBB COUNTY, TEXAS** |

---

## PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, **LFE DISTRIBUTION INC. DBA LA FABRICA ELECTRONICS** (hereinafter La Fabrica) and files its ORIGINAL PETITION and REQUEST FOR DISCLOSURE, complaining of STATE FARM LLOYDS (hereinafter State Farm), MANUEL GOMEZ, III, Individually (hereinafter Gomez) and SCOTT KEMP (hereinafter Adjuster Defendant), Defendants, and respectfully shows the following:

### I.
### DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3., or a court managed discovery plan under Level 3.  Plaintiff seeks monetary relief over $1,000,000.00.

### II.
### PARTIES

2.     Plaintiff **LFE DISTRIBUTION INC. DBA LA FABRICA ELECTRONICS** is a Texas corporation doing business in Webb County, Texas.

3.     Defendant **STATE FARM LLOYDS** is a property and casualty insurance company licensed to do business in Texas and may be served with citation by certified mail on

its claims manager, Corporation Service Company d/b/a CSC- Lawyers INCO at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4.    Defendant **MANUEL GOMEZ, III**, is an individual who resides in Laredo, Webb County, Texas, who is an employee and/or Independent Insurance Agent of State Farm Lloyds and was assigned to sell insurance policy. Defendant may be served with process at 4311 Clark Blvd., Laredo, Texas 78043 or wherever Defendant may be found.

5.    Defendant SCOTT KEMP, is an individual who resides in Laredo, Webb County, Texas, who is an employee of State Farm Lloyds and was assigned to investigate the loss associated with the claim of Plaintiff.  Defendant may be served with process at SIU Fire PO Box 52258, Phoenix, AZ  85072-2258 or wherever Defendant may be found.

### III.
### JURISDICTION AND VENUE

6.    The court has jurisdiction over the lawsuit because the amount in controversy exceeds this court's minimum jurisdiction requirements.  In addition, the court has jurisdiction over the defendants because all defendants purposefully availed themselves of the privileges and benefits of conducting business in Texas by engaging in business in Texas by contracting with a Texas resident, which contract was to be performed in whole or in part by defendant.

7.    Venue is proper in Webb County because the property insured by the Defendants was situated in that county. *TEX.CIV.PRAC. &REM.CODE §15.032.*  Additionally venue is also proper in Webb County under the general venue rule because all or a substantial part of the events or omissions giving rise to the suit occurred in this county.  *TEX.CIV.PRAC. & REM.CODE §15.002.*

IV.
FACTS

8.       Plaintiff **LFE DISTRIBUTION INC. DBA LA FABRICA ELECTRONICS** purchased a policy for a commercial business located at 216 Salinas Ave in Laredo, Texas with the number 90-B1-N684-8 from the Defendant **STATE FARM**.  The policy contained multiple insurance coverage, including coverage for losses occasioned by Theft.  The policy was in effect from January 14, 2014 through January 14, 2015.

9.       In April 8, 2014 **LA FABRICA** suffered a theft of its personal property located at 216 Salinas Ave in Laredo, Texas.  A voluminous amount of its inventory was stolen.  After receiving notice of the claim **STATE FARM** assigned claims agent to inspect the property and that inspection was conducted. A representative of Plaintiff spoke with the claims agent and answered all questions. The claims agent stated he would process claim, but it was never paid.

10.      During the terms of said Policy, Plaintiff sustained covered losses in the form of loss of property resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy.  Plaintiff asked that **STATE FARM** cover the loss of the Property pursuant to the Policy.  **STATE FARM and SCOTT KEMP** failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

11.      As detailed in the paragraphs below, **STATE FARM** wrongfully denied Plaintiff's claim for loss to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

12.      To date, **STATE FARM** continues to delay in the payment for the loss of the property.

13.      **STATE FARM** failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy.  Specifically, **STATE FARM** refused to pay the full

proceeds of the Policy after its agent, ADJUSTER DEFENDANT conducted an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the stolen property, and all conditions precedent to recovery under the Policy have been carried out of accomplished by Plaintiff.   **STATE FARM and ADJUSTER DEFENDANT's** conduct constitutes a breach of the insurance contract between it and Plaintiff.

14.   **STATE FARM** failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy.   Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(2)(A).

15.   **STATE FARM** failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement.   Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, **STATE FARM** did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim.   **STATE FARM** conduct is a violation of the Texas Insurance Code, Unfair Settlement Practiced. TEX. INS. CODE §541.060(a)(3).

16.   **STATE FARM** failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim.   Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

17.     Further, **STATE FARM** failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information.   Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

18.     **STATE FARM** failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.   Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim.   Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

19.     From and after the time Plaintiff's claim was presented to **STATE FARM**, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment.   **STATE FARM**'s conduct constitutes a breach of the common law duty of good faith and fair dealing.

20.     Additionally, **STATE FARM** knowingly   or   recklessly   made   false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

21.     Because of **STATE FARM's** wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

**VI.**
**A. NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

*Unfair Settlement Practices*

22.     **STATE FARM's** conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices:  TX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

23.     **STATE FARM's** unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(l).

24.     **STATE FARM's** unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §(a)(2)(A).

25.     **STATE FARM's** unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

*The Prompt Payment of Claims*

26.     **STATE FARM's** conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

27.     **STATE FARM's** failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described

above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

28.     **STATE FARM's** failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

29.     **STATE FARM's** delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

*Breach of the Duty of Good Faith and Fair Dealing*

30.     **STATE FARM's** conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured pursuant to insurance contracts.

31.     **STATE FARM's** failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VII.
## CAUSES OF ACTION AND DAMAGES

*A. Breach of the Duty of Good Faith and Fair Dealing*

32.     **LA FABRICA** was an insured under an insurance contract issued by **STATE FARM** which specifically covered the dwelling located at 216 Salinas Ave, Laredo, Texas. This relationship imposed on **STATE FARM** the duty of good faith and fair dealing with **LA FABRICA** both at common law and pursuant to the Texas Insurance Code.

33.     **STATE FARM** breached the duty by denying payment of a covered claim when it knew or should have known its liability under the policy was reasonably clear.

34.     As a direct and proximate result of the breach of the duty of good faith and fair dealing Plaintiff **LA FABRICA** suffered damages and injuries, including but not limited to, the following:

      a.   Loss of merchandise stolen;

      b.   Fair Market Value of the merchandise stolen; and

      c.   Mental Anguish

*B. Breach of Contract*

33.     In the alternative and in addition to other counts, **STATE FARM** breached the insurance contract with Plaintiff by failing to pay for the stolen property.  As a direct and proximate result of that breach **LA FABRICA** has incurred damages occasioned by the failure of **STATE FARM** to pay for the loss as set out in herein.

34.     **STATE FARM**'s conduct constitutes a breach of the insurance contract between it and Plaintiff.  Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

*C. DTPA Claim*

35.     Plaintiff is a consumer under the DTPA because its contracted under the policy of insurance issued by **STATE FARM** for coverage for losses occasioned by theft and was a company who acquired those services by purchase from the Defendant **STATE FARM**.

36.     The defendants violated the DTPA by engaging in false, misleading, or deceptive acts or practices that Plaintiff relied on to its detriment; engaged in an unconscionable action or course of action that, to plaintiff's detriment, took advantage of plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree; and engaged in false, misleading, or deceptive acts or practices that plaintiff relied on to its detriment.

37.    Specifically, the Defendant **STATE FARM** represented to Plaintiff that the insurance policy would provide coverage for losses occasioned by the theft.

38.    Defendant **STATE FARM's** wrongful conduct was a producing cause of injuries and damages suffered by the Plaintiffs and which include, but are not limited to the following:

    a.   Loss of merchandise stolen;

    b.   Fair Market Value of Merchandize stolen;

    c.   Interest; and

    d.   Mental Anguish.

39.    Defendant **STATE FARM** acted knowingly by disregarding the clear language of the policy and denying the claim made by the Plaintiff for the loss of merchandise   and loss of profit. Under the provisions of the Deceptive Trade Practices Act, TEX. BUS. & COMM. CODE § 17.50 (b) (1), Plaintiff is entitled to recover additional damages as set out in that section.

*D.  Fraudulent misrepresentation*

40.    Defendant **STATE FARM** committed fraudulent misrepresentations to Plaintiff by falsely representing that the policy issued by **STATE FARM** would provide coverage for losses occasioned by theft. Defendant made this representation recklessly and with the intent that it would be relied on by the Plaintiff.   The Plaintiff did rely on these representations to its detriment and purchased the policy for that reason.

41.    As a direct and proximate result of those representations Plaintiff has sustained damages in excess of the minimum jurisdictional limits of the court.

*E.  Negligent misrepresentation*

42.    In the alternative, the misrepresentations previously described were made negligently and were the proximate cause of injuries and damages suffered by the Plaintiff.

*F.  Additional Damages under the DTPA*

43.     The injuries sustained by the Plaintiff resulted from knowing and deliberate conduct which entitles it to recover additional damages from the Defendant as provided in the Texas Deceptive Trade Practices Act.

*G.  Exemplary Damages*

44.     The injuries sustained by the Plaintiff resulted from deliberate, intentional or reckless conduct which entitles it to recover exemplary damages from the Defendants.

*H. Attorneys Fees*

45.     Plaintiff is entitled to recover reasonable attorneys fees for prosecuting this case under its causes of actions based on violations of the Texas Deceptive Trade Practices Act, the Texas Insurance Code and for breach of contract.

## VIII.
## JURY DEMAND

46.     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

47.      All conditions precedent to plaintiff's claim for relief has been performed or have occurred.

## IX.
## REQUEST FOR DISCLOSURE

48.     Under Texas Rule of Civil Procedure 194, plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## X.
## KNOWLEDGE

49.     Each of the acts described above, together and singularly, were done "knowingly" by DEFENDANTS as the term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## XI.
## DAMAGES

50.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

51.     As previously mentioned, the damages caused by the covered losses have not been properly addressed and paired in the months since the loss occurred, causing further damages, and causing undue hardship and burden to Plaintiff. These damages are a direct result of DEFENDANTS' mishandling of Plaintiff's claim in violation of the laws set forth above.

52.     For breach of contract, Plaintiff is entitled to reagain the benefit of the bargain, which is the value of the property, together with attorney's fees.

53.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been pursuant to the policy, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

54.     For non compliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as eighteen(18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

55.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

56.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's

attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

57.     In addition, as to any exclusion, condition, or defense pled by DEFENDANTS, Plaintiff would show that:

   a.  The clear and Unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the loss due to theft;

   b.  In the alternative, any other construction of the language of the policy is void as against public policy;

   c.  Any other construction and its use by the DEFENDANTS violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

   d.  Any other construction violates Art. 17.50 of the Texas Business and Commerce Code and is unconscionable and is void as against public policy and was procured by fraudulent inducement;

   e.  Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation;

   f.   In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

   g.  In the alternative, DEFENDANTS are judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

   h.  In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring reformation.

## XIII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff asks that the court issue citation for defendant to appear and answer and that plaintiff be awarded a judgment against defendant for the following:

   a.  Actual damages;

b.  Exemplary damages;

c.  Additional damages as allowed by the Texas Deceptive Trade Practices Act;

d.  Prejudgment and post judgment interest;

e.  Court costs;

f.  Attorney fees;

g.  All other relief to which plaintiff is entitled.


Respectfully Submitted,

**THE NOTZON LAW FIRM**
North Town Professional Plaza
6999 McPherson Rd., Ste. 325
Laredo, Texas 78041
(956) 717-1961 (Telephone)
(956) 717-2789 (Facsimile)


By: _____
**MARCEL C. NOTZON, III**
State Bar No.: 15119001

**ATTORNEY FOR PLAINTIFF**
**LFE DISTRIBUTION, INC. DBA LA**
**FABRICA ELECTRONIC**

# EXHIBIT 2B



"RETURN"
2016CVF000883 D3

# CITATION

THE STATE OF TEXAS
COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION AND REQUEST FOR DISCLOSURE, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:   STATE FARM LLOYD'S
      BY SERVING ITS CLAIMS MANAGER, CORPORATION SERVICE COMPANY
      D/B/A CSC-LAWYERS INCO
      211 E 7TH STREET, SUITE 620
      AUSTIN,  TX 78701

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 341ST DISTRICT COURT OF Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2016CVF000883 D3 , styled:

        LFE DISTRIBUTION INC. DBA LA FABRICA ELECTRONICS, PLAINTIFFS
                              VS.
          STATE FARM LLOYD'S, MANUEL GOMEZ III, INDIVIDUALLY,
          AND SCOTT KEMP, INDIVIDUALLY, DEFENDANTS

Said Plaintiff's Petition was filed on 04/06/2016 in said court.
      MARCEL C. NOTZON III, ATTORNEY FOR PLAINTIFF
      6999 MCPHERSON STE 325
      LAREDO,  TX 78041

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 12 day of April, 2016.

## C L E R K   O F   C O U R T

| CALENDAR CALL COURT DATE: |
| 7/18/2016        1:30 PM |



                              ESTHER DEGOLLADO
                              WEBB COUNTY DISTRICT CLERK
                              P.O. BOX 667
                              LAREDO, TX 78042

                                                    DEPUTY
                              DIANA VELA

09:05:06 a.m. 05-20-2016    7    956 523 5121
Case 5:16-cv-00116   Document 1-2   Filed in TXSD on 05/20/16   Page 20 of 38   P007/012

# AFFIDAVIT OF SERVICE

STATE OF TEXAS*

COUNTY OF WEBB*

CAUSE NO 2016CVF000883 D3

BEFORE ME, a Notary Public in and for the State of Texas, came and appeared the Undersigned, of legal age, who by me being first duly, under oath hereby deposes and says,

"My name is GABRIEL A HERNANDEZ, My Place of business is 84 Grove, Laredo Texas. I am duly authorized process server under Rule 103 of the Texas Rules of Civil Procedure. This Affidavit is to certify the Following:

"I executed the foregoing Citation in naming STATE FARM LLOYD'S By Serveul et's claims manalar, corp service co D/B/A CSC-Lawyers Inco As defendant on the _12_ day of _April_ _2016_, By placing The citation and a true copy of the pleading attached thereof in the United States Mail, Via Certified Mail No # _7015 1660 0001 0202 9910_ address: _211 E 7th STREET, SUITE 620 AUSTIN, TEXAS 78701_ ,"RETURN RECIPT REQUESTED", and delivery ~~restricted~~ to the addressee only, after having first endorsed on Said citation the date of mailing and the name and address of the with-named recipient, To certify which witness my hand this _22_ day of _April 2016_

OR

"The  foregoing Citation was not served upon_____

_____

Due to the fact that _____

_____

Further Affiant Sayeth Not.

_____ SCH#0607
GABRIEL A. HERNANDEZ
SCH#0607                    EXP DATE 09/30/17

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, on this _27th_ of _____ 2016

_____
Notary Public in and for the
State of *TEXAS*

LETTY H. PEREZ
NOTARY PUBLIC
STATE OF TEXAS
ID 5207885
EXP. 07-21-2017

**≡USPS.COM**°

# USPS Tracking®



Customer Service ›
Have questions? We're here to help.



Get Easy Tracking Updates ›
Sign up for My USPS.

---

Tracking Number: 70151660000102029910

**On Time**
**Expected Delivery Day: Friday, April 22, 2016**

## Product & Tracking Information

Postal Product:                Features:
First-Class Mail®              Certified Mail™        Return Receipt

                               See tracking for related item: 9590940308565215772184

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| April 22, 2016 , 9:47 am | Delivered | AUSTIN, TX 78744 |

Your item was delivered at 9:47 am on April 22, 2016 in AUSTIN, TX 78744.

| | | |
|---|---|---|
| April 22, 2016 , 9:15 am | Arrived at Unit | AUSTIN, TX 78744 |
| April 21, 2016 , 11:40 pm | Departed USPS Facility | AUSTIN, TX 78710 |
| April 21, 2016 , 1:26 pm | Arrived at USPS Facility | AUSTIN, TX 78710 |
| April 20, 2016 , 5:57 pm | Departed Post Office | LAREDO, TX 78040 |
| April 20, 2016 , 1:37 pm | Acceptance | LAREDO, TX 78040 |

## Available Actions

Text Updates

Email Updates

---

## Track Another Package

Tracking (or receipt) number

[                                      ]        Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

Sign up for My USPS ›



09:05:06 a.m. 05-20-2016   9   956 523 5121

Case 5:16-cv-00116   Document 1-2   Filed on 05/20/16 in TXSD   Page 22 of 38   P009/012

2016CVF000883 D3

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2016 at

_____ O'CLOCK _____.M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK _____.M. on

the _____ day of _____, 2016, by delivering to the within named
STATE FARM LLOYD'S, each, in person, a true copy of this citation together
with the accompanying copy of the petition, having first attached such copy
of such petition to such copy of citation and endorsed on such copy of
citation the date of delivery.

The distance actually traveled by me in serving such process was _____
miles, and my fees are as follows:

Total Fee for serving this citation      $ _____.

To certify which, witness my hand officially.


                                    _____
                                    SHERIFF, CONSTABLE

                                    _____ COUNTY, TEXAS


                                    BY _____
                                                                DEPUTY

THE STATE OF TEXAS }
COUNTY OF WEBB      }

Before me, the undersigned authority, on this day personally appeared
_____, who after being duly sworn, upon oath said
that a notice, of which the above is a true copy, was by him/her delivered
_____ on the _____ day of
_____ ME on the _____ day of _____,
witness my hand and seal of office.


                                    _____
                                    NOTARY PUBLIC

                                    MY COMMISSION EXPIRES _____

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information visit our website at www.usps.com®

AUSTIN, TX 78701

Certified Mail Fee  $3.30
$2.70

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ $0.00
☐ Return Receipt (electronic)      $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required         $ $0.00
☐ Adult Signature Restricted Delivery $ $0.00
Postage  $1.10
$
Total Postage and Fees  $7.31
$
Sent To STATE FARM LLOYD'S BY SERVING PITITA CSC-LAWYERS INC
Street and Apt. No., or PO Box No. 211 E 7TH STREET, SUETE 620
City, State, ZIP+4 AUSTIN TEXAS 78021

APR 20 2016
0046 07
Postmark Here
04/20/2016 USPS

# EXHIBIT 2C



# CITATION

THE STATE OF TEXAS
COUNTY OF WEBB

2016CVF000883 D3
"RETURN"
FILED
2016 APR 20 PM 2:27
ESTHER DEGOLLADO
CLERK OF THE DISTRICT COURT
WEBB COUNTY, TEXAS
COUNTY COURTS AT LAW
BY

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY.
IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO
ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION
OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION AND REQUEST
FOR DISCLOSURE, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:   MANUEL GOMEZ, III
      4311 CLARK BLVD.
      LAREDO, TX  78043   OR WHEREVER DEFENDANT MAY BE FOUND

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY
COMMANDED TO APPEAR BEFORE THE 341ST DISTRICT COURT OF Webb County, Texas,
to be held at the said courthouse of said county in the city of Laredo, Webb
County, Texas, by filing a written answer to the Petition of Plaintiff at or
before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days
after the date of service thereof, a copy of which accompanies this citation,
in the Cause #: 2016CVF000883 D3 , styled:

          LFE DISTRIBUTION INC. DBA LA FABRICA ELECTRONICS, PLAINTIFFS
                                    VS.
            STATE FARM LLOYD'S, MANUEL GOMEZ III, INDIVIDUALLY
                  AND SCOTT KEMP, INDIVIDUALLY, DEFENDANTS

Said Plaintiff's Petition was filed on 04/06/2016 in said court by:
      MARCEL C. NOTZON III, ATTORNEY FOR PLAINTIFF
      6999 MCPHERSON STE 325
      LAREDO,   TX 78041

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and
given under my hand and seal of said court at office, this 12 day of April,
2016.

          C   L   E   R   K      O   F      C   O   U   R   T

| CALENDAR CALL COURT DATE: |
| 7/18/2016      1:30 PM |

                                        ESTHER DEGOLLADO
                                        WEBB COUNTY DISTRICT CLERK
                                        P.O. BOX 667
                                        LAREDO, TX 78042

                              BY: _____  DEPUTY
                                        DIANA VELA

Hand Delivered 11:30 Am  4-20-16

2016CVF000883 D3

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2016 at

_____ O'CLOCK ____.M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK ____.M. on

the _____ day of _____, 2016, by delivering to the within named
**MANUEL GOMEZ III**, each, in person, a true copy of this citation together with
the accompanying copy of the petition, having first attached such copy of
such petition to such copy of citation and endorsed on such copy of citation
the date of delivery.

The distance actually traveled by me in serving such process was _____
miles, and my fees are as follows:

Total Fee for serving this citation     $ _____.

To certify which, witness my hand officially.


_____

SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
                              DEPUTY

THE STATE OF TEXAS }
COUNTY OF WEBB        }

Before me, the undersigned authority, on this day personally appeared
_____, who after being duly sworn, upon oath said
that a notice, of which the above is a true copy, was by him/her delivered
to _____ on the _____ day of
_____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____,
_____, to certify which witness my hand and seal of office.


_____
                              NOTARY PUBLIC
MY COMMISSION EXPIRES _____

# PROCESS SERVER'S RETURN

CAUSE NO. _2016CVF000883 D3_

STATE OF TEXAS

COUNTY OF WEBB

## AFFIDAVIT

BEFORE ME, a Notary Public in and for the State of Texas, came and appeared the undersigned, of legal age, who by me being first duly sworn, under oath hereby deposes and says,

"My name is GABRIEL A. HERNANDEZ. My place of business if 84 GROVELAREDO, TEXAS. I am duly authorized process server under Rule 103 of the Texas Rules of Civil Procedure." The foregoing instrument:

"CAME TO HAND on the _12_ day of _April_ _2016_

"IT WAS EXECUTED at _4311 Clark Blvd. Laredo Texas 78043_
Within the County of _Webb_ at _11:30_ o'Clock _A_.M. on the _20_ day of _April_ _2016_ by delivering to the within named _Hand Delivered MANUEL GOMEZ. III_
in person, a true copy of this _CITATION AND ORIGINAL PETITION_

"IT WAS NOT EXECUTED upon_____
diligence used to executed being_____
and for the following reason_____

_____
_____

Further Affiant Sayeth Not.

GABRIEL A. HERNANDEZ
SCH#0607        EXP DATE 09/30/17

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, on this _20th_
of _____ 2016_.

Notary Public in and for the
State of *TEXAS*

LETTY H. PEREZ
NOTARY PUBLIC
STATE OF TEXAS
ID. 5207965
EXP. 07-21-2017

# EXHIBIT 2D



"RETURN"
2016CVF000883 D3

# CITATION

THE STATE OF TEXAS
COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY.
IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO
ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION
OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION AND REQUEST
FOR DISCLOSURE, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:  SCOTT KEMP
     SIU FIRE PO BOX 52258
     PHOENIX, AZ  85072-2258 OR WHEREVER DEFENDANT MAY BE FOUND

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY
COMMANDED TO APPEAR BEFORE THE 341ST DISTRICT COURT of Webb County, Texas,
to be held at the said courthouse of said county in the city of Laredo, Webb
County, Texas, by filing a written answer to the Petition of Plaintiff at or
before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days
after the date of service thereof, a copy of which accompanies this citation,
in the Cause #: 2016CVF000883 D3 , styled:

           LFE DISTRIBUTION INC. DBA LA FABRICA ELECTRONICS, PLAINTIFFS
                                     VS.
           STATE FARM LLOYD'S, MANUEL GOMEZ III, INDIVIDUALLY
               AND SCOTT KEMP, INDIVIDUALLY, DEFENDANTS

Said Plaintiff's Petition was filed on 04/06/2016 in said court by:
     MARCEL C. NOTZON III, ATTORNEY FOR PLAINTIFF
     6999 MCPHERSON STE 325
     LAREDO,   TX 78041

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and
given under my hand and seal of said court at office, this 12 day of April,
2016.

            C  L  E  R  K    O  F    C  O  U  R  T

CALENDAR CALL COURT DATE:
7/18/2016    1:30 PM

                              ESTHER DEGOLLADO
                              WEBB COUNTY DISTRICT CLERK
                              P.O. BOX 667
                              LAREDO, TX 78042



                         BY: _____ DEPUTY
                                    DIANA VELA

## AFFIDAVIT OF SERVICE

STATE OF TEXAS*

COUNTY OF WEBB*

CAUSE NO. 2016CVF000883 D3

BEFORE ME, a Notary Public in and for the State of Texas, came and appeared the Undersigned, of legal age, who by me being first duly, under oath hereby deposes and says,

"My name is GABRIEL A HERNANDEZ, My Place of business is 84 Grove, Laredo Texas. I am duly authorized process server under Rule 103 of the Texas Rules of Civil Procedure. This Affidavit is to certify the Following:

"I executed the foregoing Citation in naming    SCOTT KEMPS IU FIRE

As defendant on the __12__ day of ___April___ 2016, By placing The citation and a true copy of the pleading attached thereof in the United States Mail, Via Certified Mail No # 7015 1660 0001 0202 9987 address: P.O. BOX 52258 PHOENIX, AZ 85072-2258 ,"RETURN RECIPT REQUESTED", and delivery restricted to the addressee only, after having first endorsed on Said citation the date of mailing and the name and address of the with-named recipient, To certify which witness my hand this __25__ day of April 2016

OR

"The foregoing Citation was not served upon _____

Due to the fact that _____

Further Affiant Sayeth Not.

_____ (SCH#0607
GABRIEL A. HERNANDEZ
SCH#0607          EXP DATE 09/30/17

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, on this __27th__
of _____ 2016

_____
Notary Public in and for the
State of *TEXAS*

LETTY H. PEREZ
NOTARY PUBLIC
STATE OF TEXAS
ID 5207885
EXP 07-21-2017

Case 5:16-cv-00116  WEBB CO DISTRICT CLERK Fax 956 523 5121 05/20/16  Page 30 of 38  P004/012

2016CVF000883 D3

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2016 at

_____ O'CLOCK _____.M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK _____.M. on

the _____ day of _____, 2016, by delivering to the within named
SCOTT KEMP, each, in person, a true copy of this citation together with the
accompanying copy of the petition, having first attached such copy of such
petition to such copy of citation and endorsed on such copy of citation the
date of delivery.

The distance actually traveled by me in serving such process was _____
miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.

_____

SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____

DEPUTY

THE STATE OF TEXAS   }
COUNTY OF WEBB       }

Before me, the undersigned authority, on this day personally appeared
_____, who after being duly sworn, upon oath said
_____ve is a true copy, was by him/her delivered
_____ on the _____ day of
_____.

ME on the _____ day of _____,
tness my hand and seal of office.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES _____

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

PHOENIX AZ 85072
OFFICIAL USE
Certified Mail Fee  $3.50
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $ _____
☐ Return Receipt (electronic)    $ $0.00
☐ Certified Mail Restricted Delivery  $ $0.00
☐ Adult Signature Required       $ $0.00
☐ Adult Signature Restricted Delivery $
Postage   $0.89
Total Postage and Fees  $7.10
Sent To SCOTT KEMP SIU FERIE
Street and Apt. No., or PO Box No. P.O. BOX 52258
City, State, ZIP+4® PHOENIX AZ 85072-2258
PS Form 3800, April 2015
APR 20 2016
04/20/2016
USPS

English        Customer Service        USPS Mobile

Register / Sign In

**☰USPS.COM**

# USPS Tracking®



**Customer Service ›**
Have questions? We're here to help.



**Get Easy Tracking Updates ›**
Sign up for My USPS.

**Tracking Number: 70151660000102029927**

**Updated Delivery Day: Monday, April 25, 2016**

## Product & Tracking Information

**Available Actions**

Postal Product:
First-Class Mail®

Features:
Certified Mail™        Return Receipt

See tracking for related item: 9590940308565215772191

Text Updates

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| April 25, 2016 , 11:25 am | Delivered | PHOENIX, AZ 85072 |

Your item was delivered at 11:25 am on April 25, 2016 in PHOENIX, AZ 85072.

| | | |
|---|---|---|
| April 25, 2016 , 7:29 am | Out for Delivery | PHOENIX, AZ 85072 |
| April 25, 2016 , 7:19 am | Sorting Complete | PHOENIX, AZ 85072 |
| April 25, 2016 , 2:48 am | Arrived at Unit | PHOENIX, AZ 85026 |
| April 24, 2016 , 6:10 am | Arrived at USPS Destination Facility | PHOENIX, AZ 85043 |
| April 21, 2016 , 4:06 am | Departed USPS Facility | SAN ANTONIO, TX 78284 |
| April 20, 2016 , 10:26 pm | Arrived at USPS Origin Facility | SAN ANTONIO, TX 78284 |
| April 20, 2016 , 5:57 pm | Departed Post Office | LAREDO, TX 78040 |
| April 20, 2016 , 1:37 pm | Acceptance | LAREDO, TX 78040 |

## Track Another Package

Tracking (or receipt) number

Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

Sign up for My USPS ›



# EXHIBIT 2E

Filed
5/13/2016 9:14:25 AM
Esther Degollado
District Clerk
Webb District
Sara Lopez
2016CVF000883D3

## CAUSE NO. 2016CVF000883 D3

| | | |
|---|---|---|
| LFE DISTRIBUTION, INC. D/B/A LA FABRICA ELECTRONIC, | § | IN THE DISTRICT COURT |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | 341ˢᵗ DISTRICT COURT |
| | § | |
| | § | |
| STATE FARM LLOYDS, MANUEL GOMEZ, III, INDIVIDUALLY AND SCOTT KEMP, INDIVIDUALLY, | § | |
| | § | |
| | § | WEBB COUNTY, TEXAS |
| **Defendants.** | | |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

NOW COME Defendants **STATE FARM LLOYDS, MANUEL GOMEZ, III, INDIVIDUALLY AND SCOTT KEMP, INDIVIDUALLY,** and file this, Defendants' Original Answer to Plaintiff's Original Petition, and would show the court as follows:

### I.
### GENERAL DENIAL

Reserving the right to file other further pleadings, exceptions and/or denials, Defendants generally deny each and every material allegation contained in Plaintiff's Original Petition and demand strict proof thereof in accordance with the laws and the Rules of Civil Procedure of the State of Texas.

### II.
### REQUEST FOR DISCLOSURE

Under the authority of Texas Rule of Civil Procedure 194, Defendants **STATE FARM LLOYDS, MANUEL GOMEZ, III, INDIVIDUALLY AND SCOTT KEMP, INDIVIDUALLY** request that Plaintiff disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

### III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants **STATE FARM LLOYDS,
MANUEL GOMEZ, III, INDIVIDUALLY AND SCOTT KEMP, INDIVIDUALLY** request
judgment of the Court that Plaintiff take nothing by this suit, and that Defendants be awarded
costs and such other and further relief to which they may be justly entitled.


Respectfully submitted,

**ATLAS, HALL & RODRIGUEZ, LLP**
P. O. Drawer 3725
818 Pecan (78501)
McAllen, Texas 78502
(956) 682-5501 – Phone
(956) 686-6109 – Fax

By:    /s/ Sofia A. Ramon
       Sofia A. Ramon
       State Bar No. 00784811
       sramon@atlashall.com
       Dan K. Worthington
       State Bar No. 00785282
       dkw@atlashall.com
       Elizabeth Sandoval Cantu
       State Bar No. 24013455
       ecantu@atlashall.com

       **Attorneys for Defendants**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 13th day of May, 2016, a true and correct copy of the foregoing document was sent via facsimile and/or certified mail, return receipt requested, to all counsel of record in this cause, to-wit:

Marcel C. Notzon, III
**THE NOTZON LAW FIRM**
North Town Professional Plaza
6999 McPherson Rd., Ste. 325
Laredo, Texas 78041
(956) 717-1961 – Phone
(956) 717-2789 – Fax

_____/s/ Sofia A. Ramon_____
Sofia A. Ramon

# EXHIBIT 3



[All] | Motions | Orders | Answers | Citations | Other Documents | Actions | Costs | Payments | Ledger

Check out our new affordable subscription plans at
iDocket.com

View Case Track™ ——————————— ——————— Start Case Track™

Civil Docket; Case 2016CVF000883 D3; Accounts, Contracts, Notes
LA FABRICA ELECTRONIC,DBA et al vs GOMEZ, MANUEL et al
Filed 04/06/2016 - Disposition:
341st District Court, District Clerk, Webb County, Texas

Court Settings:
07/18/2016   13:30 PM

Help

| Date | Description/Comments | Reference | Typ | Amount |
|---|---|---|---|---|
| 04/06/2016 | Case Status entered as ACTV. | | TXT | |
| 04/06/2016 | Case Status ACTV: Active | | " | |
| 04/06/2016 | For STATE FARM LLOYD'S | | " | |
| 04/06/2016 | *IMG* CONTRACT | | " | |
| 04/08/2016 | Court date/time: 7/18/2016 13:30 H earing Type: 17 Clndr Call | | " | |
| 04/08/2016 | Assignment of court date/time. | | " | |
| 04/08/2016 | Status entered as Open | | " | |
| 04/08/2016 | *IMG* FAXED CALENDAR CALL TO ATTORNEY MARCEL NOTZON AND ATTACHED A | | " | |
| 04/08/2016 | COPPY TO THE CIATTIONS ISSUED. (DV0 | | " | |
| 04/11/2016 | JURY DEMAND REQUESTED AND PAID BY ATTO RNEY MARCEL NOTZON. (DV) | | " | |
| 04/12/2016 | *IMG* (6)CITATIONS ISSUED AS TO STATE FARM LLOYD'S, MANUEL GOMEZ III, | | " | |
| 04/12/2016 | AND SCOTT KEMP AND PLACED IN THE PRIVA TE SERVERS BOX. (DV) | | " | |
| 04/20/2016 | *IMG* CITATION RETURN EXECUTED AS TO M ANUEL GOMEZ III.(DOS 4/20/16) | | " | |
| 04/20/2016 | SL | | " | |
| 04/27/2016 | *IMG* CITATION RETURNED EXECUTED AS TO SCOTT KEMP DOS 4/25/16 | | " | |
| 04/27/2016 | *IMG* CITATION RETURNED EXECUTED AS TO STATE FARM LLOYD'S BY SERVING | | " | |
| 04/27/2016 | ITS CLAIMS MANAGER, CORPORATION SERVIC E COMPANY DOS 4/22/16 | | " | |

| | | | |
|---|---|---|---|
| 05/13/2016 | *IMG* DEFENDANTS' ORIGINAL ANSWER TO P LAINTIFF'S ORIGINAL PETITION. | | " |
| 05/13/2016 | (SL) | | " |

<u>Search</u> | Case History | <u>Parties</u> | <u>Attorneys</u> | <u>Links</u> | <u>Services</u>     [ <u>Site Map</u> ] [ <u>Return to Top</u> ]
All | <u>Motions</u> | <u>Orders</u> | <u>Answers / Citations</u> | <u>Other Documents / Actions</u> | <u>Costs</u> | <u>Payments</u> | <u>Ledger</u>

© 1999 Solutions, Inc. All rights reserved.
Unauthorized access is prohibited. Usage will be monitored.
<u>Agreements</u>

User ID: atlas&hall
Viewed as of: **May 17, 2016, time: 17:02:05**